**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| AHMADOU SEYDI<br>120 Emerald Lane<br>Lima, Ohio 45805, | ) ) ) ) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| BOOMERANG RUBBER, INC.<br>105 Dinsmore Street<br>Botkins, Ohio 45306 | ) ) ) ) | **JURY DEMAND ENDORSED HEREIN** |
| **Serve Also:**<br>Boomerang Rubber, Inc.<br>c/o A.G.C. Co.<br>127 Public Square<br>Suite 2000<br>Cleveland, Ohio 44114 | ) ) ) ) ) ) ) ) | |
| -and- | ) ) | |
| MATT HOWARD<br>105 Dinsmore Street<br>Botkins, Ohio 45306 | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff, Ahmadou Seydi, by and through undersigned counsel, as his Complaint against Defendants, states and avers the following:

### PARTIES, VENUE, & JURISDICTION

1. Seydi is a resident of the city of Lima, Allen County, Ohio.

2. At all times herein, Seydi was acting in the course and scope of his employment.

3. Boomerang Rubber, Inc. ("Boomerang") is a domestic corporation that does business at 105 Dinsmore Street, Botkins, Shelby County, Ohio 45306 ("Botkins Location").

4. Boomerang is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq*.

5. Howard is a resident of the state of Ohio.

6. At all times herein, Howard was acting in the course and scope of his employment.

7. Howard is and, at all times hereinafter mentioned, was an individual who was a manager and/or supervisor at Boomerang and who acted directly or indirectly in the interest of Boomerang in relation to its employees.

8. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Seydi is alleging a Federal Law Claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), 28 U.S.C. § 2000e.

9. All material events alleged in this Complaint occurred in Shelby County, Ohio.

10. This Court has supplemental jurisdiction over Seydi's state law claims pursuant to 28 U.S.C. § 1367 as Seydi's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

12. Within 300 days of the conduct alleged below, Seydi filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2021-00020 against Boomerang ("Seydi EEOC Charge").

13. On or about May 10, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Seydi regarding the Charges of Discrimination brought by Seydi against Boomerang in the Seydi EEOC Charge.

14. Seydi received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

15. Seydi has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

16. Seydi has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

17. On or about February 21, 2020, Seydi began working for Boomerang.

18. Boomerang employed Seydi as a production worker.

19. Seydi is African.

20. Seydi is a member of a protected class on the basis of his race.

21. Seydi is originally from Senegal.

22. Seydi is a member of a protected class on the basis of his national origin.

23. Howard was a shift supervisor for Boomerang.

24. Howard did not participate in the decision to hire Seydi.

25. Howard is Caucasian.

26. Howard is originally from the United States.

27. Seydi was the only African employee on Howard's shift.

28. Seydi was the only Senegalese employee on Howard's shift.

29. On or about February 23, 2020, Seydi met Howard for the first time.

30. On or about February 23, 2020, Seydi's only interactions with Howard were when Howard showed Seydi the time clock and safety paperwork.

31. On or about February 23, 2020, Howard learned that Seydi is African.

32. On or about February 23, 2020, Howard learned that Seydi is Senegalese.

33. On or about February 24, 2020, Howard brought cookies to work and gave them to every production worker on the shift except Seydi.

34. On or about February 25, 2020, Boomerang terminated Seydi's employment ("Termination").

35. A human resources representative, Stephanie (Last Name Unknown) informed Seydi about the Termination ("Termination Call").

36. Howard made the decision to give Seydi the Termination.

37. Stephanie LNU alleged that the reason for the Termination was insubordination ("Termination Excuse").

38. Stephanie LNU provided no details about what Seydi had allegedly done to be insubordinate.

39. Seydi was not insubordinate.

40. The Termination Excuse had no basis in fact.

41. The Termination Excuse was not the real reason for the Termination.

42. The Termination Excuse was pretextual.

43. Boomerang has a progressive disciplinary policy ("Discipline Policy").

44. A verbal warning is the lowest level of discipline in the Discipline Policy.

45. Seydi did not receive a verbal warning before the Termination.

46. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

47. Seydi did not receive a written warning before the Termination.

48. A termination is the highest level of discipline in the Discipline Policy.

49. Boomerang knowingly skipped progressive disciplinary steps in terminating Seydi.

50. Boomerang knowingly terminated Seydi's employment.

51. Boomerang knowingly took an adverse employment action against Seydi.

52. Boomerang knowingly took an adverse action against Seydi.

53. Boomerang intentionally skipped progressive disciplinary steps in terminating Seydi.

54. Boomerang intentionally terminated Seydi's employment.

55. Boomerang intentionally took an adverse employment action against Seydi.

56. Boomerang intentionally took an adverse action against Seydi.

57. Boomerang knew that skipping progressive disciplinary steps in terminating Seydi would cause Seydi harm, including economic harm.

58. Boomerang knew that terminating Seydi would cause Seydi harm, including economic harm.

59. Boomerang willfully skipped progressive disciplinary steps in terminating Seydi.

60. Boomerang willfully terminated Seydi's employment.

61. Boomerang willfully took an adverse employment action against Seydi.

62. Boomerang willfully took an adverse action against Seydi.

63. On or about February 25, 2020, Defendants terminated Seydi's employment because of his race.

64. On or about February 25, 2020, Defendants terminated Seydi's employment because of his national origin.

65. As a direct and proximate result of Defendants' conduct, Seydi suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII
### (Defendant Boomerang)

66. Seydi restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

67. Throughout his employment, Seydi was fully competent to perform his essential job duties.

68. Boomerang treated Seydi differently than other similarly-situated employees based on his race.

69. Boomerang violated Title VII by discriminating against Seydi due to his race.

70. On or about February 25, 2020, Boomerang terminated Seydi without just cause.

71. At all times material herein, similarly-situated non-African employees were not terminated without just cause.

72. Boomerang terminated Seydi based on his race.

73. Boomerang violated Title VII when it terminated Seydi based on his race.

74. As a direct and proximate result of Boomerang's conduct, Seydi has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT II: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.***

**(All Defendants)**

75. Seydi restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

76. Throughout his employment, Seydi was fully competent to perform his essential job duties.

77. Defendants treated Seydi differently than other similarly-situated employees based on his race.

78. Defendants violated R.C. § 4112.02(A) *et seq.* by discriminating against Seydi due to his race.

79. On or about February 25, 2020, Boomerang terminated Seydi without just cause.

80. At all times material herein, similarly-situated non-African employees were not terminated without just cause.

81. Defendants terminated Seydi based on his race.

82. Defendants violated R.C. § 4112.01 *et seq.* when they terminated Seydi based on his race.

83. As a direct and proximate result of Defendants' conduct, Seydi has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

**COUNT III: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII**

**(Defendant Boomerang)**

84. Seydi restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

85. Throughout his employment, Seydi was fully competent to perform his essential job duties.

86. Boomerang treated Seydi differently than other similarly-situated employees based on his national origin.

87. Boomerang violated Title VII by discriminating against Seydi due to his national origin.

88. On or about February 25, 2020, Boomerang terminated Seydi without just cause.

89. At all times material herein, similarly-situated non-Senegalese employees were not terminated without just cause.

90. Boomerang terminated Seydi based on his national origin.

91. Boomerang violated Title VII when it terminated Seydi based on his national origin.

92. As a direct and proximate result of Boomerang's conduct, Seydi has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

### (All Defendants)

93. Seydi restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

94. Throughout his employment, Seydi was fully competent to perform his essential job duties.

95. Defendants treated Seydi differently than other similarly-situated employees based on his national origin.

96. Defendants violated R.C. § 4112.02(A) *et seq.* by discriminating against Seydi due to his national origin.

97. On or about February 25, 2020, Boomerang terminated Seydi without just cause.

98. At all times material herein, similarly-situated non-Senegalese employees were not terminated without just cause.

99. Defendants terminated Seydi based on his national origin.

100. Defendants violated R.C. § 4112.01 *et seq.* when they terminated Seydi based on his national origin.

101. As a direct and proximate result of Defendants' conduct, Seydi has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT V: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION

102. Seydi restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

103. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

104. Howard aided, abetted, incited, coerced, and/or compelled Boomerang's discriminatory termination of Seydi.

105. Howard aided, abetted, incited, coerced, and/or compelled Boomerang's discriminatory treatment of Seydi.

106. Howard violated R.C. § 4112.02(J) and § 4112.99 by aiding, abetting, and inciting discrimination.

107. As a direct and proximate result of Howard's conduct, Seydi has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff Seydi respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Boomerang to abolish discrimination, harassment, and retaliation;

(ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

(iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

(iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Boomerang to restore Seydi to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Seydi for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Seydi claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

    Respectfully submitted,

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Ahmadou Seydi*

## JURY DEMAND

Plaintiff Seydi demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*
Trisha Breedlove (0095852)
Paul Filippelli (0097085)